UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHAEL L. RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:14-CV-130 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the undersigned is Plaintiff's Motion to Substitute Party [Doc. 9], filed on July 9, 2014.

By way of background, Plaintiff filed a Complaint [Doc. 1] against the Commissioner of Social Security ("the Commissioner") on March 31, 2014. The Complaint stated, in pertinent part, that Plaintiff died on November 26, 2013, and is survived by his wife, Rosalind Rhodes. The Commissioner filed an Answer [Doc. 4] on June 17, 2014. In regard to the Complaint's allegation that Plaintiff was deceased, the Commissioner responded that she did not have sufficient knowledge as to that particular allegation and therefore, the allegation was denied. In a footnote, the Commissioner recommended that Plaintiff file a motion, in accordance with Federal Rule of Civil Procedure 25, to substitute a proper party for the deceased Plaintiff.

Plaintiff's motion to substitute followed on July 9, 2014. The motion reiterates that Plaintiff passed away on November 26, 2013, and requests that his wife, Rosalind Rhodes, be

1

substituted as the plaintiff in this action.

Federal Rule of Civil Procedure 25(a)(1) provides, "If a party dies and the claim is not extinguished, the court may order substitution of the proper party." In Social Security Disability Insurance Benefits ("DIB") or Supplement Security Income[1] cases, the claim does not extinguish and the proper party may be entitled to underpayments. See 20 C.F.R. §§ 404.503 and 416.542. Therefore, the Court must determine whether Mrs. Rhodes is a proper party.

If a claimant dies before he receives a DIB underpayment,[2] certain other individuals, including spouses, children, or parents, may receive the underpayment pursuant to an order of priority. 20 C.F.R. § 404.503(b). Generally, a surviving spouse who is either living in the same household with the deceased individual at the time of such individual's death, or is entitled to a monthly benefit on the basis of the same earnings record as was the deceased individual for the month in which such individual died, will be first in the order of priority. § 404.503(b)(1). "A member of any of the enumerated classes eligible for a deceased claimant's benefits has standing to pursue the deceased claimant's benefits." Blanton ex rel. Blanton v. Astrue, No. 1:10-cv-2463, 2011 WL 2637224, at *2 (N.D. Ohio June 20, 2011) (citing Youghioheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 247 (6th Cir. 1995)).

In the present matter, although a death certificate has not been presented to the Court, or any supporting affidavits, the Court observes that a letter from Plaintiff's counsel, dated December 3, 2013, notifying the Office of Disability Adjudication and Review of Plaintiff's death, is made part of the record in this case along with Plaintiff's obituary. [Tr. 436-37]. In addition, the Court notes that the Commissioner has not responded to the instant motion, and the

---

[1] This case only involves a claim for DIB.
[2] The term "underpayment" includes "nonpayment where some amount of such benefits was payable. An underpayment may be in the form of an accrued unpaid benefit amount for which no check has been drawn or in the form of an unnegotaited check payable to a deceased individual." 20 C.F.R. § 404.501(a).

period for responding has expired. See E.D. Tenn. L.R. 7.1; Fed. R. Civ. P. 6(d), 59(b)(2)(E). The Court may treat the lack of opposition during the time allowed under the rule as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2; see also Campbell v. McMinn County, No. 1:10–CV–278, 2012 WL 369090, *7 (E.D. Tenn. Feb. 3, 2012) ("Plaintiff's failure to respond effectively waives any objections that he may have had on this matter."). In light of the foregoing, the Court finds Mrs. Rhodes is Plaintiff's surviving wife, and as such, she has standing to challenge the denial of benefits.

Accordingly, the Court finds the Motion to Substitute Party [**Doc. 9**] is well-taken, and it is **GRANTED.** Rosalind Rhodes shall be **SUBSTITUTED** as the Plaintiff of record in this case.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge